# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

JOE MCCAULEY,             )
                              )
          **Plaintiff,**        )     **No. 3:11-cv-00361**
                              )     **Judge Haynes**
**v.**                            )
                              )
**INNOCENTES SATOR, et al.,**    )
                              )
          **Defendants.**     )

## M E M O R A N D U M

Plaintiff, Joe McCauley, an inmate at the Riverbend Maximum Security Institution in Nashville, Tennessee, filed this *pro se,* action under 42 U.S.C. § 1983 against Defendants: Dr. Innocentes Sator, Desiree Andrews, and the Riverbend Maximum Security Institution ("RMSI"). Plaintiff's claims are that the Defendants acted with deliberate indifference to the Plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution. (Docket No.1).

Plaintiff's specific allegations are that the Defendants have refused to provide the Plaintiff with necessary surgery to remove several paperclips from the Plaintiff's stomach and have failed to comply with a state court order regarding the appointment of a conservator for the Plaintiff.    Plaintiff seeks an order requiring the Defendants to arrange the surgery to remove the paperclips from the Plaintiff's stomach.  Plaintiff also seeks an award of compensatory and punitive damages for his pain.

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted.  28 U.S.C. § 1915A(b).  A complaint is frivolous and warrants dismissal when the claim "lacks an arguable basis in law or fact."  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or

delusional, or if it is based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

For his Eighth Amendment claims, Plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff, who is serving a life sentence of imprisonment, suffers from a psychiatric condition and, as a result, at times engages in self-mutilation. Plaintiff alleges that in 2009 while incarcerated, he stabbed himself with paperclips and underwent surgery to remove the paperclips. After the surgery, the Plaintiff believes that his stomach muscles did not heal properly.

On November 5, 2009, the Tennessee Department of Corrections filed a petition in state court for appointment of a conservator for the Plaintiff. The Department of Corrections submitted the testimony of two physicians who opined that Mr. McCauley was incapable of making rational decisions regarding his mental and medical treatment and was unable to make such decisions in the future. (Docket No. 5, Exhibit A).

On January 26, 2010, the Seventh Circuit Court of Davidson County, Tennessee, granted this petition and entered an order appointing a conservator for Plaintiff, finding that "there is sufficient

medical proof in the record . . . that the Respondent [Mr. McCauley] is a disabled person within the meaning of Tennessee Code Annotated Section 34-1-101(7) and incapable of managing his own affairs." Id. at Ex. B. The Circuit Court further opined that "the nature and extent of the Respondent's disability are such that the Respondent cannot give informed consent to medical and mental examinations and treatment and requires a Conservator to give such consent." Id.

On an unidentified date in 2010, "while not in his right mental function," the Plaintiff alleges that he inserted three additional paperclips into his stomach, "thinking that this would make them [the Defendants] fix his stomach." (Docket No. 4 at p.2). On February 22, 2010, after seeking medical attention for the pain caused by the paperclips, the Plaintiff refused a surgical consultation regarding the removal of the paperclips. Plaintiff states that "[b]ecause of his psychiatric mental disorder his mental function [wa]s not working right when he refuse[d] medical treatment and [he]doesn't understand the severity of his actions because he does not understand the severity of his mental condition." (Docket No. 1 at p.4). Later, when the Plaintiff regained his mental faculties and again sought medical attention for the paperclips, Defendant Desiree Andrews, a Health Service Administrator at Riverbend Maximum Security Institution, advised the Plaintiff: "Mr. McCauley, on February 22, 2010[,] you refused your outside surgical consult in regards to the paperclips." (Docket No. 5, Ex. C at 15).

Plaintiff alleges that the paperclips cause him pain on a daily basis and fears injury to his vital organs. Plaintiff alleges that the Defendants have refused to allow the Plaintiff to receive medical treatment for the paperclips, thereby causing the Plaintiff to suffer since February 22, 2010. Further, the Plaintiff alleges that the Defendants have not contacted the Plaintiff's conservator regarding this ongoing situation. (Docket No. 1 at p.4). According to Plaintiff, the state court found him incapable of consenting to medical treatment and thus, the Defendants should not be permitted to allow the

3

Plaintiff to refuse medical treatment.

To establish a violation of his Eighth Amendment constitutional rights resulting from a denial of adequate medical care, Plaintiff must allege that the Defendants were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994). "Deliberate indifference" is the reckless disregard of a substantial risk of serious harm; mere negligence, or even gross negligence, will not suffice. *Farmer v. Brennan*, 511 U.S. 825, 835-36 (1994); *Estelle*, 429 U.S. at 105-06.

An Eighth Amendment claim of denial of medical care claim has both an objective and subjective component. The objective component requires that the Plaintiff's medical needs were sufficiently serious. *See Rhodes v. Chapman*, 452 U.S. 337 (1981); *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992). The subjective component requires that the Defendants were deliberately indifferent to the Plaintiff's medical needs. *See Wilson v. Seiter*, 501 U.S. 294 (1991).

Complaints of malpractice or allegations of negligence are insufficient to entitle a Plaintiff to relief. *Estelle*, 429 U.S. at 105-06. A prisoner's difference of opinion regarding diagnosis or treatment also does not rise to the level of an Eighth Amendment violation. *Id.* at 107. Further, where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess the medical judgments of prison officials and constitutionalize claims that sound in state tort law. *Westlake*, 537 F.2d at 860 n. 5 (6th Cir. 1976). Finally, for a viable claim for the denial of medical care, Plaintiff must allege that his health suffered as a consequence of such alleged denial. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 401 (6th Cir. 1999).

Applying these precedents, the Court concludes that the Plaintiff has stated a colorable claim under the Eighth Amendment. *See Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976 )(prisoner may state an Eighth Amendment claim when he alleges the medical treatment was so "woefully

inadequate" as to amount to no treatment at all); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (prisoner may state Eighth Amendment claim when he alleges that the defendants knew of and disregarded an excessive risk to his health or safety); *Wallace v. City of Columbus*, 2002 WL 31844688, *4 (S.D. Ohio Dec. 4, 2002)(quoting *Napier v. Madison County*, 238 F.3d 739 (6th Cir. 2001))( "Allegations of denial of medical treatment based on a delay in treatment are to be gauged by examining the effect of the delay in treatment, which is to say that an 'inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed.'").

For the reasons explained above, the Court finds that the Plaintiff has stated at least one colorable claim for relief under § 1983 for which process should issue to the individual Defendants. TDOC as a state agency is not a person that can be sued under Section 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 64 (1989). *See* 28 U.S.C. § 1915A(b).

An appropriate Order will be entered.

**ENTERED** this the ___19th___ day of April, 2011.

William J. Haynes, Jr.
United States District Judge